# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE BROOKS, | * | |
| Petitioner, | * | Criminal No. RDB-14-0525 |
| v. | * | Civil Action No. RDB-16-3013 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Wayne Brooks ("Petitioner" or "Brooks") pled guilty before this Court to Possession with Intent to Distribute Cocaine, 28 Grams or more of Cocaine Base, and Heroin, in violation of 21 U.S.C. § 841. (ECF No. 18.) On July 13, 2015, this Court sentenced Petitioner to one hundred and thirteen (113) months of imprisonment, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF No. 28.) Presently before this Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 40). For the following reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 40) is DENIED.

## BACKGROUND

On April 14, 2015, Brooks pled guilty to Possession with Intent to Distribute Cocaine, 28 Grams or more of Cocaine Base, and Heroin, in violation of 21 U.S.C. § 841. (ECF Nos. 18, 19.) The plea agreement included a Rule 11(c)(1)(C) provision whereby Petitioner and the Government agreed that one hundred and thirteen (113) months of imprisonment was appropriate. (ECF No. 19.) Subsequently on July 13, 2015, this Court

1

sentenced Brooks to 113 months of imprisonment. (ECF No. 28.) Brooks did not appeal his conviction or sentence. Over a year later, on August 29, 2016, Brooks filed the present Motion to vacate under 28 U.S.C. § 2255. (ECF No. 40.) On January 30, 2018, the Government responded, arguing that the Motion to Vacate should be denied because it is time-barred.[1] (ECF No. 44.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424 (1962) (citing 28 U.S.C. § 2255). Further, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

I. **Petitioner's Motion is Untimely**

  A. **Petitioner Did Not File His Motion Within the One-year Statute of Limitations**

---

[1] On September 9, 2016, this Court directed the Government to respond to Brooks' § 2255 motion within 60 days of its filing. (ECF No. 42.) At that time, however, the Assistant United States Attorney on record for Brooks' case was no longer with the office. Accordingly, on January 4, 2018, this Court granted the Government a 60-day extension via e-mail.

2

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) [T]he date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The Government avers that the one-year limitations period started to run on the date Brooks' judgment of conviction became final. (ECF No. 44 at 2-3.) Finality for the purpose of 28 U.S.C. § 2255(f)(1) attaches when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). Because Brooks did not file an appeal, Brooks' conviction became final fourteen days after entry of judgment, which was filed on July 13, 2015. *See* Fed. R. App. P. 4(b)(1)(A) (providing fourteen days to file an appeal). Under the facts presented, Brooks' limitations period started to run on July 27, 2015, and expired one year later on July 27, 2016. Brooks did not file his § 2255 Motion until August 29, 2016, approximately one month after the one-year limitations period expired. Accordingly, the Motion is untimely.

### B. Equitable Tolling is Not Justified

Since Brooks' § 2255 motion was untimely filed, it must be dismissed unless principles of equitable tolling apply. *See Holland v. Florida*, 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). To be entitled to equitable tolling, the

petitioner must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted"). Unless the circumstances are "extraordinary," a claim alleging ineffective assistance of counsel will not typically justify the principles of equitable tolling. *Holland*, 560 U.S. at 652; *Harris v. Hutchinson*, 209 F.3d 325, 328, 331 (4th Cir. 2000) (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition). A petitioner's lack of familiarity with the law also is not generally considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507. 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255).

First, Brooks does not claim that the principles of equitable tolling apply. Second, even construing Brooks' pleadings liberally as required by *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Brooks has presented no facts to demonstrate that he acted with "reasonable diligence" or that an extraordinary circumstance prevented him from timely filing his Motion. Accordingly, Brooks is not entitled to equitable tolling.

### III. Petitioner's Motion is Without Merit

Even if Brooks' Motion was timely, his Motion asserting that his defense counsel was ineffective is without merit. To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984); *see also United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2013) (holding that "[t]he defendant bears the burden of proof as to both prongs of the standard"). The first, or "performance," prong of the test requires a showing

that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

Brooks generally argues that his defense counsel "was ineffective for failing to investigate his case." (ECF No. 40 at 1.) Although Brooks cites several cases in support of his ineffective assistance claim, he does not assert how the cases are relevant to the facts of his case. Nevertheless, in light of his *pro se* status, this Court has liberally construed his arguments. First, Brooks appears to argue that counsel failed to raise a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), with respect to "the voir dire proceedings." (ECF No. 40 at 2-3.) Brooks, however, pled guilty with an agreed sentence of 113 months, and waived his right to a jury trial. Therefore, there were no *voir dire* proceedings. Accordingly, this claim is totally without merit.

Second, Brooks generally asserts that "counsel failed to object either to the pre-sentencing reports [or] relevant conduct assessment." (*Id.* at 3.) Brooks then cites several

5

cases, including *Porter v. McCollum*, 558 U.S. 30, 40 (2009), which held that trial counsel was deficient for failing to "uncover and present any evidence of [a defendant's] mental health or mental impairment, his family background, or his military service." Even if this Court liberally construes Brooks' use of the *Porter* citation to infer an argument that counsel failed to present mitigating evidence during sentencing, Brooks fails to proffer any facts concerning what evidence counsel failed to present. Moreover, Brooks fails to state what counsel should have objected to in the presentencing report. Accordingly, Brooks has not met his burden of proof and this claim is invalid.

Third, Brooks appears to argue that his counsel did not seek funds "for research and preparation" in accordance with 18 U.S.C. § 3006A(e)(1).[2] (ECF No. 40 at 10-11.) Pursuant to § 3006A(e)(1), "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an *ex parte* application." "In requesting a court-appointed expert, the burden is on the defendant to show that such services are necessary to an adequate defense." *United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994) (internal quotation marks omitted)). Brooks does not proffer any basis which would have necessitated a court appointed investigator. Therefore, he has not met his burden of showing inadequate performance or prejudice.

Finally, Brooks appears to argue that counsel failed to cross-examine witnesses. (ECF No. 40 at 13.) Once again, Brooks does not proffer any facts in support of this argument. Therefore, even if Brooks' Motion was timely, his ineffective assistance of counsel claim is

---

[2] Brooks also cites D.C. Code Ann. § 11-2601. (ECF No. 40 at 10-11.) This statute is inapplicable to Brooks' case.

without merit. Accordingly, Brooks' Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 40) is DENIED.[3]

## **CONCLUSION**

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 40) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Brooks' claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: April 19, 2018

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge

---

[3] Brooks also makes various passing references to case law concerning an attorney's duty to meet and consult with his client and diligently prepare a case. Again, he provides no facts indicating his counsel failed to meet these standards.

7